UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD WILLIAMS,

                Plaintiff,

      -against-

CITY OF NEW YORK,

                Defendant.

1:23-CV-3250 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Ronald Williams, who is currently incarcerated in the Mid-State Correctional Facility, commenced this *pro se* action via a letter with attached forms for this court, state court, and NYC Health + Hospitals (formerly known as the New York City Health & Hospitals Corporation). (ECF 1.) Plaintiff may be attempting to assert claims of federal constitutional violations under 42 U.S.C. § 1983. In addition, since one of those forms is captioned with the City of New York named as a defendant, the Court understands that Plaintiff has named the City of New York as a defendant.

    The Court received Plaintiff's initial letter on April 17, 2023. More than a month later, on May 30, 2023, the Court received another letter from Plaintiff. (ECF 8). For the purpose of this order, the Court construes those letters and their attachments as one complaint.

    By order dated May 9, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file either an amended petition for a writ of *habeas corpus* under 28

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

U.S.C. § 2254, or an amended civil complaint asserting claims under Section 1983, within 60 days of the date of this order.

## BACKGROUND

The letters that the Court has construed as Plaintiff's complaint are difficult to understand. In his first letter to the court, Plaintiff states:

> I am sending you this letter in consane [sic] of this jail it takes a long time to get a notar[y] and cop[ies], it takes two to 3 weeks and it is very dangerous to go to the [law library] because the [correctional personnel] put hands on the inmate[s] so I am sorry that it couldn't provided you [with] the notary. Also [I] am hav[ing] problem[s] with the [m]edical in jail.
> Please release me from her[e].

(ECF 1, at 1).

In his second letter, which is particularly difficult to understand, Plaintiff seems to mention his criminal conviction in the New York Supreme Court, Queens County.[2] (*See* ECF 8, at 1.) In addition, he seems to request his release. (*See id.* at 2.)

## DISCUSSION

**A.    *Habeas corpus* relief under 28 U.S.C. § 2254(a)**

To the extent that Plaintiff seeks relief from the imposition or execution of his Queens County state court sentence, the only federal remedy available to him is *habeas corpus* relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a); *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002). Thus, if Plaintiff seeks his release from his current incarceration, the proper federal court vehicle to seek such relief is a petition for a writ of *habeas corpus* brought under Section 2254,

---

[2] According to the "inmate lookup" search engine within the website of the New York State Department of Corrections and Community Supervision, https://nysdoccslookup.doccs.ny.gov/, Plaintiff is currently serving a three and one half to seven-year prison term, arising from a conviction of robbery in the third degree imposed by the New York Supreme Court, Queens County, for which the maximum sentence expiration date is December 21, 2027.

not the present submissions. In addition, if Plaintiff were to seek such relief, because he was convicted in Queens County, within the Eastern District of New York, *see* 28 U.S.C. § 112(c), the appropriate venue in which to file such a request for relief, under Local Civil Rule 83.3, would be the United States District Court for the Eastern District of New York.

Accordingly, if Plaintiff seeks his release from his incarceration arising from his Queens County state court conviction, the Court grants him leave to file an amended petition for a writ of *habeas corpus* under Section 2254. If Plaintiff files such an amended petition, the Court will transfer that amended petition to the United States District Court for the Eastern District of New York.

**B.      Relief under 42 U.S.C. § 1983**

As explained above, if Plaintiff is seeking release, or challenging the imposition or execution of a state sentence, he must do so in a petition for *habeas corpus* relief. If Plaintiff is challenging the conditions of his confinement, the proper vehicle for such relief is a civil complaint asserting claims under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973). To state a claim under that statute, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988).

If Plaintiff names any individual state actor as a defendant in a complaint asserting claims under Section 1983, the plaintiff must allege facts showing that individual's direct and personal involvement in the alleged violations of the plaintiff's federal constitutional rights. *See Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020). If Plaintiff names any municipality as a defendant in such a complaint, the plaintiff must allege facts showing that the municipality's policy, custom, or practice caused a violation of the plaintiff's federal constitutional rights. *See,*

*e.g.*, *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

In addition, the proper venue (i.e., the court in which claims should be brought) for any claims asserted under Section 1983 is:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(2). Under this venue provision, a "natural person" resides in the federal judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

If Plaintiff seeks monetary damages, or injunctive relief or declaratory relief that does not challenge the fact or length of his incarceration, including any relief regarding his conditions of confinement, the Court grants him leave to file an amended civil complaint asserting claims under Section 1983. In such an amended complaint, Plaintiff will have to allege facts showing the direct and personal involvement of all of the individual state actors he names as defendants with respect to the alleged violations of his federal constitutional rights, and how a policy, custom, or practice of any municipality named as a defendant violated his federal constitutional rights.

To the extent that Plaintiff asserts claims under Section 1983 arising from his current conditions of confinement in the Mid-State Correctional Facility, which is located in Oneida County, New York, within the Northern District of New York, *see* 28 U.S.C. § 112(a), Plaintiff

should also allege facts showing why this court is a proper venue for this action. If Plaintiff does file an amended complaint asserting such claims under Section 1983, and fails to show why this court is a proper venue for this action, this Court will transfer such claims to the United States District Court for the Northern District of New York.

## CONCLUSION

The Court grants Plaintiff 60 days' leave to file either an amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 or an amended civil complaint asserting claims under 42 U.S.C. § 1983. If Plaintiff does not comply with this order within the time allowed, or does not show cause to excuse such failure, the Court will dismiss this action without prejudice.

Because Plaintiff's filed submissions make no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 5, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge